**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DEBORAH COLEMAN-GIVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| THE METHODIST HOSPITALS, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff DEBORAH COLEMAN-GIVENS (hereinafter referred to as "COLEMAN-GIVENS") and for her complaint against the Defendant THE METHODIST HOSPITALS, INC. (hereinafter referred to as "METHODIST") states:

1. This action is brought for damages sustained by COLEMAN-GIVENS by reason of METHODIST's violation of COLEMAN-GIVENS' civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, COLEMAN-GIVENS was and is a citizen of the United States, is a resident of the Northern District of Illinois and is African American.

3. At all times relevant hereto METHODIST was and is a corporation organized and existing under the laws of the State of Indiana with one of its principal places of business located at 85701 Broadway in Merrillville, Indiana 46410.

4. At all times relevant hereto, METHODIST was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

1

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this district.

7. In March, 2015, COLEMAN-GIVENS was hired by METHODIST as Manager of the Intensive Care Unit at METHODIST's Merrillville facility.

8. Since COLEMAN-GIVENS has held this position, she has received favorable performance reviews and accolades from her superiors at METHODIST.

9. At all times relevant hereto, it was the policy of METHODIST not to discriminate against an employee on the basis of his or her race.

10. In April, 2018, Cindy Mele, Director of the ICU/ER, decided to resign her position.

11. The position then became open and available for individuals to apply both internally and externally.

12. Within a week after the announcement of Ms. Mele resigning, COLEMAN-GIVENS submitted her resume to James Renneker (Caucasian), Chief Nursing Officer, to advise him of her interest in the position.

13. At that time, Mr. Renneker advised COLEMAN-GIVENS that he was not filling the position. To the contrary, he was deleting the position and creating two new positions of Assistant Directors for METHODIST's North Lake and South Lake campuses.

14. He then indicated that COLEMAN-GIVENS and other ICU and ER managers would have an opportunity to apply for those positions.

15. In July, 2018, COLEMAN-GIVENS received a telephone call from Sheila Cook (African American), Assistant Vice President of Nursing, who informed her that COLEMAN-GIVENS was going to be fired and that she needed to send an email out to her staff that evening.

16. At the end of July, 2018, COLEMAN-GIVENS attended a meeting called by Mr. Renneker.

17. Present at this meeting were Sheila Pochron (Caucasian), ER South Lake Manager, Janis Astle (Caucasian), ER North Lake Manager, and COLEMAN-GIVENS.

18. The ICU North Lake Campus Manager, Arnella Mullens, was not present at the meeting.

19. At this meeting, Mr. Renneker informed the participants of the plans for two Assistant Directors, one for both campuses.

20. He advised the participants that only one of them would get promoted to one of the Assistant Director positions and the others would stay in their existing roles.

21. He further related that the requirements for this Assistant Director position would be six to eight years of leadership experience, certification in nursing and a Master's Degree or currently enrolled in a Master's Program.

22. At this meeting, Ms. Pochron asked whether she could still apply for the position because she did not have enough years of experience.

23. At that time, Mr. Renneker asked her how many years of experience she had. She replied that she only had 3.5 years of leadership experience.

24. Mr. Renneker then indicated that he was going to change the requirements for this position from six to eight years to three to six years.

25. The interviewing then occurred in August, 2018.

26. There were four candidates interviewed for two separate positions on the two different campuses.

27. At the time of the interviews, the interviews were conducted by Dr. Vincent Sevier (African American), Vice President of Quality Control, who was good friends with Ms. Pochron, and Tracey Crandall, Vice President of Human Resources, who was adverse to COLEMAN-GIVENS.

28. On September 7, 2018, Mr. Renneker came to COLEMAN-GIVENS and advised her that she did not receive the promotion and he was giving the promotion to Ms. Pochron because she had more experience than COLEMAN-GIVENS.

29. Mr. Renneker also remained in COLEMAN-GIVENS' office and suggested that COLEMAN-GIVENS resign from METHODIST.

30. On September 10, 2018, Mr. Renneker promoted Arnella Mullens to the Assistant Director position for the North Lake ER and ICU.

31. Despite METHODIST's policy, METHODIST discriminated against COLEMAN-GIVENS in failing to promote her and in promoting Ms. Pochron first to the Assistant Director position and then the Director position because of her race in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

32. Mr. Renneker's articulated reason for promoting Ms. Pochron over COLEMAN-GIVENS was merely a pretext for METHODIST's discrimination against her on the basis of her race since Ms. Pochron did not have more experience than COLEMAN-GIVENS.

33. On September 13, 2018, the Equal Employment Opportunity Commission received COLEMAN-GIVENS' charge of discrimination.

34. On September 19, 2018, COLEMAN-GIVENS was terminated by METHODIST.

35. Within a few days after terminating COLEMAN-GIVENS, Mr. Renneker than announced that he had given Ms. Pochron the position of Director of ICU/ER, the position that Mr. Renneker advised COLEMAN-GIVENS was being eliminated.

36. Pursuant to COLEMAN-GIVENS' request, on November 26, 2019, the Equal Employment Opportunity Commission issued COLEMAN-GIVENS a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

37. Less than ninety days have expired since COLEMAN-GIVENS' receipt of this notice of right to sue.

38. METHODIST's violation of COLEMAN-GIVENS' civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused COLEMAN-GIVENS pecuniary damages.

WHEREFORE the Plaintiff DEBORAH COLEMAN-GIVENS requests that this Court enter judgment in her favor and against the Defendant THE METHODIST HOSPITALS, INC. as follows:

a. Enjoining METHODIST from engaging in such unlawful employment practices as alleged in this complaint.

b. Requiring METHODIST to reinstate COLEMAN-GIVENS to the position of Director of ICU/ER at METHODIST's South Lake campus at the rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by METHODIST.

c. Making COLEMAN-GIVENS whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by METHODIST.

d. Alternatively, in the event METHODIST is unwilling to reinstate COLEMAN-GIVENS, COLEMAN-GIVENS should be awarded front pay.

e. Awarding COLEMAN-GIVENS attorney's fees, costs and prejudgment interest.

f. Awarding COLEMAN-GIVENS such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

Respectfully submitted,

/s/Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite510
Chicago, Illinois 60601
(312) 832-0008
Attorney for the Plaintiff,
DEBORAH COLEMAN-GIVENS