UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH COLEMAN-GIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20CV80-PPS |
| | ) | |
| THE METHODIST HOSPITALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After the deadline for filing any potentially dispositive motions, the parties have filed a Joint Stipulation to Dismiss. [DE 54.] So far, so good. But the stipulation contains a troubling coda to language that would dismiss the case with prejudice, namely "this Court to retain jurisdiction for sixty days, if necessary, to enforce the terms of the parties' settlement." [*Id.*] The Seventh Circuit has warned that a judge should "wait[] before entering any order of dismissal until the various undertakings constituting the settlement [are] completed." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006). And "[a]n even more serious problem is the conjunction of dismissal with prejudice with retention of jurisdiction to enforce the settlement agreement." *Id.*

Interpreting the teaching of the Supreme Court, the Seventh Circuit does not allow an order dismissing with prejudice but attempting to maintain the court's retention of jurisdiction over any future claim that a party has violated the terms of the Settlement Agreement.

> A district court's original jurisdiction to entertain a lawsuit does not carry over to one party's later claim that the other has breached their settlement of that suit. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375...(1994). Thus, "when a suit is dismissed *with prejudice*, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) (emphasis added); [additional internal citations omitted]. The terms of a settlement can be embodied in an order dismissing the lawsuit, which would allow that order to serve as an enforceable injunction. *See* FED.R.CIV.P. 65; *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006). But that step was not taken here, so any claim relating to nonperformance of the settlement agreement must be brought as a breach-of-contract action.

*Balshe LLC v. Ross*, 441 Fed.Appx. 395, **1, 2011 WL 6145401 (7th Cir. 2011). Where such a breach of contract action must be brought, a separate new lawsuit must be initiated. *Jones v. Association of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). If the breach of settlement claim is brought in federal court, federal subject matter jurisdiction over the contract claim must be demonstrated. *Kokkonen*, 511 U.S. at 381.

So I cannot retain jurisdiction as requested. Absent that wrinkle, I would enter an order adopting the parties' stipulation and dismissing the action with prejudice, closing the case and mooting all future settings. The final pretrial conference is set April 13, 2023, with trial set on the docket of May 15, 2023. Because those critical events are set far enough out, I can accommodate the parties by delaying any ruling on the stipulation for 60 days, and wait until January 16, 2023 to enter my usual ruling without any reference to retaining jurisdiction. At that point, presumably the settlement will be fully consummated. In the meantime, the final pretrial conference and trial settings will remain in place. If the parties agree to a "clean" dismissal with prejudice before that

January date, they may signal the fact by a joint filing indicating their amenability to such a dismissal without further delay.

**ACCORDINGLY:**

Action on the parties' Joint Stipulation to Dismiss [DE 54] is DEFERRED to January 16, 2023, or whatever earlier date the parties signal by a joint filing in accordance with this order.

**SO ORDERED**.

ENTERED: November 15, 2022          /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**